are subject to the discretion of the court. If the court feels that the trustee has merely inflated the moneys which he has disbursed to increase his compensation, rather than to benefit the estate, the court need not award the maximum fee. Cf. In re Meadows, 211 F. 948 (2d Cir.), cert. denied, 234 U.S. 763, 34 S.Ct. 997, 58 L.Ed. 1581 (1914); In re Lowell Textile Co., 288 F. 989 (D.Mass.1923).

The order of the district court is reversed; the case is remanded for proceedings consistent with this opinion.

Leonard B. Sachs, Norfolk, Va., Court-appointed counsel, for appellant.

Alfred D. Swersky, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM:

Patrick Thomas McLernon appeals his conviction of passing a counterfeit $20 bill, in violation of 18 U.S.C. § 472, on September 24, 1966 in Portsmouth, Virginia, but the record fails to sustain his contention of inadequacy in the evidence to prove his guilt. The judgment will not be disturbed.

Affirmed.[1]

---

**UNITED STATES of America,**
**Appellee,**

v.

**Patrick Thomas McLERNON, Appellant.**

**No. 11755.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 6, 1968.

Decided Feb. 21, 1968.

**Dorman Fred TALBOT, Jr., Appellant,**

v.

**Louis E. NELSON, Warden, San Quentin Prison, Appellee.**

**(Lawrence E. Wilson, former appellee.)**

**No. 21631.**

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1967.

As Amended Jan. 17, 1968.

Rehearing Denied Jan. 24, 1968.

---

1. The Government's brief does not reveal the statute embracing the crime, the day of the offense or even include the indictment, although quite brief, in the appendix. We expect more care from the United States and will exact it in the future.